S. B. Maddox v. J. P. Clark.

No. 2650.  Decided April 29, 1915.

1.—False Representations.

A definite and material representation of fact, which proves to be untrue, though stated at the time to be made, not upon actual knowledge, but upon information, will support an action for rescission where in the same connection the party making the representation affirms its truthfulness.  Boles v. Aldridge, ante, p. 209, followed.  (P. 214.)

2.—Rescission—Assumption of Indebtedness.

The assumption by a vendee of the vendor's indebtedness for land sold, until the creditor accepts the vendee's undertaking, remains a matter concerning only the vendor and vendee, and presents no obstacle to rescission of the contract for false representations.  (P. 215.)

**3.—Practice in the Supreme Court.**

Error of the appellate court in reformation of a judgment can not be reviewed on writ of error unless presented to the Supreme Court by motion for rehearing in the Court of Civil Appeals and by assignment of such error. (P. 215.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Knox County.

Maddox obtained a writ of error when a judgment against him in the trial court was reformed and affirmed on his appeal. ·

*D. J. Brookerson,* for plaintiff in error.—The statement by one of his opinion of the value and condition of land, when he discloses the fact that he has never seen the land, and has no personal knowledge, would not constitute fraud, even though it should be shown to be wrong. Boles v. Aldridge, 153 S. W., 373; Dashiell v. Christian, 152 S. W., 1112; Rescission, Michie's Digest, vol. 15, p. 185, et seq.; American & Eng. Enc., 2d ed., vol. 14, pp. 102 and 118.

A judgment rescinding a trade should leave the parties in *statu quo,* and the judgment rendered herein leaves the appellant liable on his assumption for the unpaid portion of the Davis notes, and is therefore erroneous. Hill v. Hoeldtke, 104 Texas, 594; Boles v. Aldridge, 153 S. W., 373.

It appears to us that this judgment has impaired the remedy of the innocent owner of said notes, if not destroyed his vested property rights, in that it will now be difficult to maintain a suit to recover the land on his superior legal title since there is no such deed of record, or in existence, as to that, after this cancellation without it being recorded, and if he could procure such proof at all he would have to get it outside of the records of the proper county.

*James A. Stephens,* for defendant in error.—It is not necessary that the representations have to be made on a party's own personal knowledge; if he made a false statement as to the improvements and the value of the property and vendee relied on the same, it would constitute such a fraud as to be ground for rescission. Brand v. Odom, 156 S. W., 547; Morrison v. Cotton, 152 S. W., 866; Farris v. Gilder, 115 S. W., 645; Bennett v. Wooldridge, unreported; United States Gyp. Co. v. Shields, 106 S. W., 724; Wright v. United States Mortg. Co. of Scotland, 42 S. W., 789.

MR. JUSTICE PHILLIPS delivered the opinion of the court.

Maddox instituted the suit in trespass to try title to recover of Clark certain lots in the town of Knox City. By cross-action Clark, joined by his wife, sought the rescission of the trade in which they had conveyed to Maddox the lots sued for, and others, in exchange for 160 acres of land in Montague County, Clark executing and delivering to Maddox his notes in the transaction, as well, in the aggregate sum of $950.00. The ground of the cross-action was certain misrepresentations concerning the

Montague County land alleged to have been made to defendants by Maddox and L. P. Bennett as his agent, which induced the conveyance of their property, and the procurement of Clark's notes for $950.00 through fraud and imposition, he being uneducated and unable to read, when, according to the agreement in trade, they should have been for the principal sum of $500.00. Four of the lots conveyed to Maddox had been in turn conveyed by him to an innocent third party at the time of the trial. He had also transferred Clark's notes, without recourse, to an innocent holder. The trial resulted favorably to the defendants, and judgment was rendered for them against Maddox for the amount of the notes and the value of the lots he had sold, less certain credits, cancelling their deed to the lots sued for, and restoring to Maddox the Montague County land. The Court of Civil Appeals for the Second District reformed the judgment so as to postpone execution for the amount of the notes until Clark should pay them, and affirmed it. 163 S. W., 309.

The lots conveyed by the defendants to Maddox in the transaction, or some of them, constituted their homestead. Maddox had only owned the Montague County land three days, when its exchange for the defendants' property was made. The defendants appear to have been ignorant people, and the evidence sustains the verdict that they were induced to trade their property for the land which they had never seen by representations of Maddox and Bennett concerning it which were untrue.

Clark's testimony was that both Maddox and Bennett, in connection with their representations, stated that they had never seen the land. The ruling of the Court of Civil Appeals that, under such circumstances, the representations were actionable, was in conflict with the holding of the Court of Civil Appeals for the Sixth District in Boles v. Aldridge, 153 S. W., 373, decided in this court upon this date; and a writ of error was granted in the present case for the settlement of the conflict. We held in Boles v. Aldridge that a definite and material representation of fact which is relied upon and proves to be untrue, though stated at the time to be made not upon actual knowledge but upon information, will support an action for rescission, where in the same connection the party making the representation affirms the truthfulness of the information. This but amounts to an affirmation of the truthfulness of the representation itself, which is therefore sufficient to support the action.

Our holding in Boles v. Aldridge controls this case. The court submitted to the jury the representations of both Maddox and Bennett, and likewise the issue of the latter's agency. According to Clark's testimony the representations of both concerning the land were positive statements of fact in respect to its actual condition, and not simply the relation of what others had told them. Both stated they had never seen it, but, according to Clark, Bennett in the same connection also said, "I will vouch for the land." This could mean nothing else than that their common statements concerning it were true, and amounted to a

distinct affirmation to that effect. According to the testimony of Mrs. Clark and her daughter, the representations made to Mrs. Clark were positive and without any information that Maddox nor Bennett had ever seen the land.

In addition, the evidence tended to establish that Maddox had never received any such information about the land as was embodied in the representation he made to Clark according to the latter's testimony, though it should be stated that both he and Bennett denied having made the representations attributed to them by the defendants. Clark testified that Maddox's statement to him was that forty acres of the land were in cultivation, and that it had upon it a plank house, a log house, a well of water, and an orchard; and that in fact there was no house upon it, nor any well. The only testimony given by Maddox touching any information received by him concerning the land was his statement "that a drummer who said he was doing business in Nocona, stated to him that it was worth $25.00 per acre at least, but said he had never seen the land and that there were different kinds of land in that country."

There was no plea that the defendants had waived or ratified the fraud; therefore no such issues were in the case. Nor was there any pleading or proof that the holder of Clark's indebtedness, secured by lien by the lots and assumed by Maddox in the trade, agreed to accept the latter's undertaking. In this state of the record Maddox's assumption of the indebtedness was binding only between the Clarks and himself and was subject to cancellation in the suit.

Complaint is made by the defendants in error at the reformation of the judgment by the Court of Civil Appeals, but in the absence of any such objection in that court by a motion for rehearing and an application for a writ of error by the defendants upon that ground, we can not review that question.

The judgment of the Court of Civil Appeals is affirmed.

*Affirmed.*