**WORTMAN v. YOUNG et al. (No. 6352.)**

(*Court of Civil Appeals of Texas. San Antonio. March 10, 1920. Rehearing Denied April 21, 1920.*)

**1. Trial ⊜143 — No peremptory instruction where there are controverted issues of fact.**

Where controverted issues of fact are made by the evidence, the court cannot give a peremptory instruction.

**2. Fraud ⊜3—"Actionable fraud" defined.**

"Actionable fraud" exists where one makes a false representation of a material fact knowing it to be false, or of his own knowledge when he does not know whether it is true or false, with intention to induce the person to whom it is made, in reliance upon it, to do or to refrain from doing something to his pecuniary hurt, when such person, acting with reasonable prudence, is thereby deceived and induced to so do or refrain to his damage.

[Ed. Note.—For, other definitions, see Words and Phrases, First and Second Series, Actionable Fraud.]

**3. Fraud ⊜11(1)—Expression of opinion not actionable.**

A statement, which by reason of its form or subject-matter amounts merely to an expression of an opinion, is not actionable.

**4. Fraud ⊜13(2) — No distinction between misrepresentations made knowingly and by mistake.**

There is no distinction in actions for deceit between misrepresentations made knowingly and by mistake.

**5. Fraud ⊜64(1)—Questions for court and jury defined.**

The sufficiency of circumstantial evidence to establish fraud is for the jury under proper instruction; but, as a rule, if upon the uncontradicted evidence reasonable men can reach but one conclusion, the court may direct a verdict, and may also direct a verdict where there is no evidence to prove one or more of the essential elements.

**6. Fraud ⊜11(1)—Representations as to sufficiency and capacity of irrigation works actionable.**

Statements of a seller of land as to the capacity and sufficiency of irrigation machinery and ditches, based on an opinion of an engineer, *held* not to be a mere matter of opinion, when made by seller as of his own knowledge.

**7. Fraud ⊜22(1)—Party bound by what proper investigation would disclose.**

When a party undertakes to discover the truth of a statement for himself to rely upon, he is bound by everything which a proper investigation would disclose, and would not be justified in relying on the fraud of the other party.

**8. Evidence ⊜501(6)—Opinion properly given as to condition of irrigating machinery and canal.**

A witness may give his opinion of any obvious fact of which he has knowledge from personal observation, and a person, not an engineer, could state that in his opinion irrigation machinery and a canal would not furnish water, where he stated the facts as he saw them, and knew that the canal and the plant did not furnish water.

**9. Payment ⊜63(1) — Manner of payment may be shown under allegation of payment.**

When pleadings allege payment, it is permissible for a witness to show how payment was made.

**10. Appeal and error ⊜1053(5)—Admission of evidence harmless where no issue to which it related was submitted.**

In an action to foreclose vendor's lien notes, where defendant set up damages for fraud of plaintiff concerning irrigability of land, proof by defendant that land which he applied in part payment on a valuation of $100 per acre sold thereafter for $250 per acre was harmless, if error, where no issue concerning it was submitted to the jury; testimony having been offered on the question of damages to show that the land exchanged was not under value, etc.

**11. Fraud ⊜54—Similar fraudulent representations to third persons admissible.**

In an action wherein damages were sought for fraud, in that a seller of land represented that an irrigation plant would supply sufficient water, testimony as to a statement to such effect, made to third persons, was admissible, being a representation involving the same character of fraud as that alleged in the action.

**12. Appeal and error ⊜1050(2)—Admission of opinion evidence harmless.**

In an action wherein damages were sought for fraudulent representations as to the capacity and sufficiency of irrigation machinery and canals, it was harmless, if error, to permit one not qualified as an expert to give his opinion as to the capacity of the machinery and canal, where it was not contended that the machinery and canal performed the required services.

**13. Appeal and error ⊜1053(5)—Admission of evidence not bearing on an issue submitted harmless.**

Admission of evidence which did not bear upon any issue submitted to the jury was harmless.

Error from District Court, Cameron County; W. B. Hopkins, Judge.

Suit by J. L. Wortman against J. D. Young and others. Judgment for defendants, and plaintiff brings error. Affirmed.

J. O. George, R. E. Holland, and W. R. Jones, all of Brownsville, for plaintiff in error.

Gaines & Corbett, of Bay City, and James B. Wells, of Brownsville, for defendants in error.

COBBS, J. This suit was brought in the district court of Cameron county by plaintiff in error, praying for judgment and foreclo-

ure of those certain vendor's lien notes executed by defendant in error for the purchase price of land conveyed to him by the Southern Land Company, certain subdivisions of this land being blocks 87, 92, 93, and 94 in subdivision No. 25, to defendant in error J. D. Young by four separate deeds of date May 15, 1914, but which deeds were not delivered until after the 29th of May, 1914, and in part payment for each of said blocks defendant in error executed to the Southern Land Company five notes for $265 each of even date with said deeds, aggregating against each block, exclusive of interest and attorney's fees, the sum of $1,325 and a total aggregate of $5,300.

The Southern Land Company immediately after the execution and delivery of these notes indorsed and delivered them to plaintiff in error, in consideration of which plaintiff in error surrendered to the Southern Land Company and released his vendor's lien for a like amount of the notes he had originally taken from it in payment for said land; there being a release clause so providing in his deed to said company.

The defendant in error J. D. Young answered by general demurrer, general denial, and specially pleaded a failure of consideration. The case was tried before a jury on special issues from June 23 to 30, inclusive, 1919, on which findings the court, over objection of plaintiff in error, rendered judgment for defendant in error Young.

The statement of facts contains about 259 pages and the transcript 195 pages.

The first assignment of error embraces several different matters, and the consideration thereof is objected to by defendant in error; but, as the proposition thereunder limits it to one question, we assume all others are waived, and we shall so treat it. At any rate, a discussion of the question involved in the proposition requires a discussion of the whole case. The proposition is:

"The court erred in failing and refusing to give to the jury at the conclusion of all the evidence herein, as requested by the plaintiff, an instruction to return a verdict for him."

The facts proven in the case are:

In 1909, the plaintiff in error, J. L. Wortman, owned a tract of land in Cameron county, Tex., containing approximately 861 acres, and on the 24th day of April of that year he, together with the La Feria Land & Irrigation Company, W. V. Fifield, Pierre Wilson, and Frank W. Kibbe, who owned land adjoining his, entered into a contract with the La Feria Mutual Canal Company, the purpose of which was to procure water for the irrigation of the several tracts so owned.

After making the contract, J. L. Wortman, on or about the 30th day of September, 1913, entered into negotiations with C. S. Hunn for the sale of his tract of land. These negotiations resulted in the making of a contract for the sale of the tract of land to a corporation styled Southern Land Company; a deed was prepared, reciting the sale of 753.2 acres of land to the Southern Land Company for a consideration of $58,373, $1,000 of which was paid in cash, the balance to be represented by a series of notes. This deed is dated September 30, 1913, acknowledged by J. L. Wortman on the 9th day of December, 1913, filed for record at 4:30 p. m. February 9, 1914.

The grantee in the deed, the Southern Land Company, was chartered September 26, 1913. At the time of the execution of the deed to the Southern Land Company, the plaintiff in error entered into a contract with the Southern Land Company, dated September 30, 1913, which recites the sale of the tract of land for $58,373; that $1,000 had been paid in cash, and the balance to be evidenced by vendor's lien promissory notes attached to the contract. It further provided that the contract should be placed with the Merchants' National Bank at Brownsville, in Cameron county, Tex.; that John Gregg should be appointed trustee for both parties; that $2,000 was to be paid on the 1st day of October, 1913, and eight vendor's lien notes were to be executed by the Southern Land Company, in which event John Gregg was to deliver the deed which was to be executed to the Southern Land Company, or its agent, and was to deliver to J. L. Wortman the money paid and the notes executed. The contract also provided that if the money was not paid, then the whole transaction was to be void, the $1,000 already paid to be forfeited to J. L. Wortman as liquidated damages. The payment provided in the contract was not made, but by another agreement verbally made, the deed was to be left in escrow, and cash payment made before its delivery amounting to $10,000. The payment of a sum sufficient to warrant the delivery of the deed was not paid until the 9th day of February, 1914, at which time the deed was finally delivered.

Immediately after this contract was made, the Southern Land Company began to contract sales of this land to various parties, and from November 30, 1913, to February 1, 1914, had sold the greater part of the land. In almost every trip made by these land agents, Dr. Wortman, the plaintiff in error, would meet the excursion trains and aid in the sale of the lands, and also stated that he was endeavoring to get money that was owing to him, and that $20 per acre in cash and $80 per acre in vendor's lien notes out of every sale that was made was to be delivered to him. On December 20, 1913, the defendant Young was a prospective purchaser on one of the excursions, and on that occasion,

Dr. Wortman was personally present and made a public address in aid of the sales of this land.

It is also shown by the testimony of J. D. Young, the defendant in error, that Dr. Wortman stated to him that the deed to the land contracted to be purchased would come from him, Wortman; and, further, that Wortman and Witzell represented to him that the land sold was cheap at $150 per acre, while dry land of the same character would be worth only $10 to $15 per acre.

The canal system was wholly inadequate to furnish water to properly irrigate the lands of Mr. Young, the defendant in error, and that no sufficient quantity of water has ever been furnished to properly irrigate the land. It is also shown Young paid $115 per acre in cash on his land purchase, and executed notes for the remainder. The issue of fact as to whether or not the canal system was adequate to irrigate the land under contract was submitted to the jury, and the jury found that it was not. The jury also found that the land purchased by Young was of the reasonable market value of $115 per acre with such facilities as it had for watering, and that he paid $115 per acre, and contracted to pay $150. The jury also found that the Southern Land Company was the agent of J. L. Wortman in the sale of these lands.

The testimony further shows that the said J. D. Young moved to the land in question in the spring of 1914; that although he had improved the land and undertaken to farm it, it was never irrigated; that the plaintiff in error received in cash $20 per acre, and accepted the notes in question, which were executed by the defendant in error and payable to the Southern Land Company, and by it transferred to J. L. Wortman, and that this transaction was contemporaneous with the execution and delivery of the deed from the Southern Land Company to Young.

[1] It was not error to refuse to give an instructed verdict. It was largely a fact case, and the facts were disputed. There were controverted issues of fact made by the evidence throughout, and the court in such cases cannot give peremptory instruction.

The evidence relied upon by defendant in error to set aside the sale and as the basis of his defense is founded upon fraudulent representations made: That the land was irrigable, and that suitable, proper, and adequate facilities for the proper irrigation of the land had been constructed. That the land was worth not more than $20 to $25 per acre, dry land, but as irrigable land worth $150 per acre when properly irrigated. Some of these statements to defendant in error were made by Nat Witzell, president of the company, in the presence of J. L. Wortman, and others by Wortman himself. That it was the reliance upon and the belief in the truth of these statements that induced his purchase and caused the payment of the money by him, together with the execution of the notes. He paid $115, and had contracted to pay $150 per acre. That Witzell was the agent of the company, and Dr. Wortman, who was interested, heard the statement. Likewise, Dr. Wortman himself represented that the canal was up in fine shape, that they had plenty of money to carry out their contract, and that the canal was in adequate shape to take care of all the land. That he depended and wholly relied upon the representations so made to him as the inducing cause of his purchase. He was a stranger when he made the contract to purchase. The evidence is practically undisputed on the point of his reliance upon statements made. Defendant in error placed his land in a condition or state of preparation to receive the water, and when ready made proper demand therefor, and received no water at any time for that purpose from plaintiff in error. The land was purchased as irrigable land, to cultivate, plant, and make crops upon, and for that purpose it has failed.

We shall briefly discuss the rules of fraud as applicable to this case. Actual or positive fraud has been said to consist in circumventing, cheating, or deceiving a person to his injury, by any cunning deception or artifice. 20 Cyc. p. 8.

[2] The fraud which gives rise to an action of deceit exists where a person makes a false representation of a material fact susceptible of knowledge, knowing it to be false, or as of his own knowledge when he does not know whether it is true or false, with intention to induce the person to whom it is made, in reliance upon it, to do or refrain from doing something to his pecuniary hurt; when such person, acting with reasonable prudence, is thereby deceived and induced to so do or refrain, to his damage. 20 Cyc. p. 10.

The general rule is that to constitute actionable fraud it must appear: (1) That party made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by the party; (5) that the party acted in reliance upon it; and (6) that he thereby suffered injury. Each of these facts must be proved with a reasonable degree of certainty, and found to exist; absence of any one of them is fatal to a recovery. 20 Cyc. 13.

[3] To furnish grounds for an action of deceit the representation must be of a matter susceptible of approximately accurate knowledge, and must be in form or substance importing knowledge on the part of the speaker. A statement which by reason either of its form or subject-matter amounts merely to an expression of opinion, is not actionable,

for it is one upon which reliance cannot safely be placed. 20 Cyc. p. 17.

[4] As between parties to a transaction, that is, when one sells another a thing for which he receives a benefit and the buyer is induced by such representations to purchase property, and thereby, on account of such representations, to sustain a loss, and misled, by representations made him, to part with something, there is no distinction between misrepresentations made knowingly or by mistake. Watson v. Baker, 71 Tex. 750, 9 S. W. 867.

[5] Where the facts are not disputed or have been found by the jury, the question whether they constitute actionable fraud is for the court. The sufficiency of circumstantial evidence to establish fraud is for the jury under proper instructions from the court as to what constitutes fraud. It has been held that the fact that the evidence may not be sufficient to support a verdict in favor of the party charging fraud does not authorize taking question from the jury; but as a rule if upon the uncontradicted evidence reasonable men can reach but one conclusion, the court may direct a verdict, and it is also a well-settled rule of law that if there is no evidence to prove one or more of the essential elements of the cause of action, it is proper for the court to grant a dismissal or compulsory nonsuit, or to direct a verdict for defendant, according to the practice prevailing in the particular jurisdiction. 20 Cyc. 123, 124.

[6] If these representations were openly and deliberately made, as they seem to have been, for the purpose of securing purchasers, and inducing the public generally to buy, and particularly the defendants in error, in pursuance of a plan to induce people to invest in irrigable lands in that locality, and the representations were made for the purpose of deceiving as to a matter within their own knowledge, it ceased to be a mere matter of opinion, but becomes such a misrepresentation and concealment of material facts as to make it actionable. Zundelowitz v. Waggoner, 211 S. W. 599, 600; Boles v. Aldridge et al., 107 Tex. 209, 175 S. W. 1052; Maddox v. Clark, 107 Tex. 212, 175 S. W. 1053; Buchanan v. Burnett et ux., 52 Tex. Civ. App. 68, 114 S. W. 406, affirmed by Supreme Court, 102 Tex. 492, 119 S. W. 1141, 132 Am. St. Rep. 900; Kincaid v. Tant, 180 S. W. 1103; Zavala Land & Water Co. v. Tolbert, 184 S. W. 529.

The second, third, fourth, fifth, and sixth assignments of error all practically raise the same questions and complain of the ruling of the court in entering judgment upon the findings, for the reason that: (a) Plaintiff's representations were based on the report of the engineer, and therefore merely the statement of an opinion; (b) defendant only partially relied on representations of plaintiff; (c) before execution and delivery of the notes plaintiff learned partially the true condition of the canal system, its inadequacy to furnish water; (d) the jury found that plaintiff, J. L. Wortman believed the statements made to him by the engineer.

Plaintiff in error was greatly interested in causing these sales to be made, and made speeches promoting them. He was in a position to know the truth or falsity of his statements, and even though they may have been based upon information secured by their engineer, yet, whether he believed the truth or not, it will not excuse him from the part he took and from the effect that he knew his speeches would have, and were intended to have, upon defendant in error and purchasers brought to that county for that purpose, seeking to invest their money in that character of lands. The jury found defendant in error relied on his representations as coming from him alone, not on the engineer. If he had made such statements based on the engineer's representations to him, the statements were not so qualified as to create the impression that they were the engineer's, and not his, on the minds of the listeners. The engineer made none of the statements that deceived. He was only concerned as to plaintiff in error's statements, not as to the basis of his information. This purchaser was not called upon to separate from the statements what plaintiff in error knew of his own knowledge, and was stating as a fact, from that which he was predicating his statement upon as information obtained from their engineers, and the real effect acting on the mind of defendant in error is the same as though made wholly and entirely unsupported by any such circumstances other than as coming from plaintiff in error alone. It was a fraud in law if not true. White v. Peters, 185 S. W. 659; Boles v. Aldridge, 107 Tex. 209, 175 S. W. 1052; Maddox v. Clark, 107 Tex. 212, 175 S. W. 1053; Barbian v. Grant, 190 S. W. 791. Of course upon the mere expression of an opinion as to values with no intent to defraud, there would be no cause of action. Wooters v. I. & G. N. R. R., 54 Tex. 300; 20 Cyc. 51; Black on Rescission and Cancellation, §§ 76–79.

[7] When a party undertakes to discover the truth for himself to rely upon, he is bound by everything which a proper investigation would disclose, and would not be justified in relying on the fraud of the other party. Newman v. Lyman, 165 S. W. 139. But this is not that kind of a case. The defendant in error did not undertake to make an independent investigation. He relied on the statements made at the time, and traded upon the information imparted to him, and not upon what he may have thereafter ascertained, after he was bound in a contract from which he was unable to escape. Representations made by Dr. Wortman that induced the pur-

chase were sufficient to justify defendant in error in relying on same. But it is contended he had no right to rely on them, because he made an independent investigation for himself in regard to the facts. He stated he never saw the engine, pumps, and boilers and pumping plant until two years after he had contracted for the land. He had ample opportunity, it is true, to see it frequently after the contract was made, but there is no evidence to show that he had, or could have, discovered the true condition of the canal at the time he contracted to purchase the land, or in time thereafter to have protected himself. At that time he did not know its condition, but relied on the statements and representations made to induce the trade. This assignment is overruled.

While the form of issue No. 5, submitted by the court to the jury, and the answer thereto, are somewhat unusual, yet they may be well comprehended. The jury must have understood and the answer indicates that they were finding that Dr. Wortman knew of his own knowledge the condition of the canal, and in forming his own opinion he had used the engineer's reports and statements, thereby adopting them to make his own conclusion stronger, but the defendant in error was relying upon his statement and the engineer's, too, to strengthen and satisfy, because that made his own representations, based upon the engineer's opinion, more potent as statements of facts and not mere opinions.

These assignments are overruled.

The assignments complaining of the rulings on the pleading are not material. The court has submitted all the material questions in the case to the jury, and no harm can be perceived from the failure of the court to make the ruling in this case, requested on the pleadings. Those issues were mainly of fraud and misrepresentations in securing this purchaser and as to values, that the sale was secured by misrepresenting that the canal had been constructed and system was installed sufficient to irrigate the land, which was not true, and the jury found every issue in favor of defendant in error.

Plaintiff in error requested the court to direct a verdict for him. In other words, he accepted facts as true when he asked for a judgment thereon, but must now depend upon some supposed error of law committed to defeat the judgment, based upon facts he thereby admitted proven. The finding of the jury was, in effect, that the representations were false; that they were untrue; that they were the inducing cause for the purchase of said lands by the defendant in error; that he sustained a substantial loss, a loss in excess of the value of the notes sued upon; the court could render no other judgment than the one rendered in this cause.

The eighth, ninth, tenth, eleventh, twelfth, and thirteenth assignments of error all raise the question as to the action of the court in passing upon the demurrers, exceptions to the pleadings. These assignments are overruled for the reasons given herein.

[8] The fourteenth assignment complains of the statement made by Witzell to defendant in error as to the inadequacy of the irrigation plant to water the lands. As this testimony was a statement of a fact, gathered from the observation of the witness himself of his own knowledge, no reason is shown why it was error to permit the testimony, and the assignment is overruled.

[9] The fifteenth, sixteenth, twentieth, twenty-second, and twenty-third assignments of error make practically the same complaint. A witness may give his opinion, as in this case, of any obvious fact of which he has knowledge from personal observation. These assignments are overruled.

The sixteenth assignment complains that the court permitted J. D. Young, defendant in error, to testify the canal system would not furnish water, etc., and the proposition that, not being an engineer or expert, he could not give his opinion as to the capacity of the machinery or canal to furnish water. The witness stated the facts as he saw them, and knew it did not furnish the water, and we do not see why he could not say, if he knew, it did not furnish water a period of five years thereafter as a circumstance for the jury. We overrule this assignment.

The seventeenth assignment complains that defendant in error was permitted to prove without pleading to support that he put in land at $100 per acre as part of the consideration, which was sold thereafter for $250 per acre, as being irrelevant and immaterial and calculated to prejudice plaintiff's case.

[10] When pleadings allege payment it is permissible for a witness to show how payment was made. The proof was harmless anyway, as no such issue was submitted to the jury. This testimony seems to have been allowed on the question of damages, to show that the land exchanged was not undervalued, that defendant in error parted with it in making the trade, and the consideration paid. The assignment is overruled.

The nineteenth assignment complains of the court in permitting witness H. J. Stockton to testify as to statements made by plaintiff in error that the canal system had been built by competent engineers and with sufficient water to water all the lands that were being sold with claims to water all the lands that were sold, because it does not appear they were communicated to the defendant in error upon which he acted in making the sale, and immaterial and irrelevant.

[11] The witness Stockton stated he told Young of these statements, as he was one of his best prospects. These facts were communicated to Young. The testimony is admissible on another ground, as fraudulent

representations máde to individuals, involving the same character of fraud, may go to the jury for their consideration on the whole question. Goree v. Bank, 218 S. W. 620, opinion delivered on January 21, 1920. This assignment is overruled. For the same reason the twenty-first assignment is overruled.

[12] The proposition under the twenty-third assignment is the witness Frank Brown had not qualified as an expert to give his opinion as to the capacity of the machinery and canal to furnish water. As he was speaking of matters coming within his own knowledge and under his observation, we cannot see that he was required to be an expert to tell what he saw and knew. Besides, in respect to this and like objections to the testimony of nonexperts, it would be harmless here, for it is not contended that the canal performed the service, and, besides, the jury has found it did not. The assignment is overruled.

[13] The twenty-fourth assignment complains that the court erred in permitting testimony of Frank Brown in regard to the organization of an irrigation ditch embracing lands in controversy as immaterial and prejudicial. This issue was not submitted to the jury; the cause was submitted on other issues. The assignment is overruled. For the same reason we overrule the twenty-ninth, thirty-first, and thirty-second assignments ·of error.

As the issues involved are largely of facts, and the jury having found the material facts in favor of defendant in error, we do not feel that we should disturb them. We, therefore, overrule all the assignments, and affirm the judgment of the court.

⟸For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes