## JAMES G. BOLES V. G. W. ALDRIDGE ET AL.

### No. 2552. Decided April 29, 1915.

**1.—Rescission—False Representations—Personal Knowledge.**

    In an action for rescission of a contract for exchange of land, false representations by the defendant as to the land conveyed by him, though coupled with the statement that he had never seen it, were sufficient to form a basis for rescission if definite and material and amounting to a positive affirmation of their truth, as being made by reliable men whose statements he would vouch for. (P. 211.)

**2.—Rescission—Assumption of Debt.**

    Rescission of a sale of land on account of false representations by the vendor may be had although a part of the consideration was his assumption of the payment of vendee's debt to another, so long as the creditor had not accepted such vendor's undertaking. It was still a matter concerning only the vendor and vendee, and subject to cancellation in the suit. (P. 212.)

Error to the Court of Civil Appeals, Sixth District, in an appeal from Cooke County.

Boles sued Aldridge and wife and appealed from a judgment for defendant. On its affirmance he obtained writ of error.

*J. Ralph Bell* and *Davis & Davis,* for plaintiff in error.—In an exchange of land, if one party misrepresents the quality and condition of

his land, and thereby misleads and defrauds the other party, the party who is so defrauded can tender back that which he received and recover the land he parted with.  Pendarvis v. Gray, 41 Texas, 326; Moore v. Cross, 26 S. W., 122; Corbet v. McGregor, 84 S. W., 278; Putman v. Bromwell, 73 Texas, 465; Buchanan v. Burnett, 114 S. W., 406; Breeding v. Flannery (Ky.), 14 S. W., 907; Loring v. Oxford, 18 Texas Civ. App., 415, 45 S. W., 395.

Although Aldridge may have believed his representations to have been true (of which there is no evidence), yet the representations being material to the contract and false in fact, the appellant's right to have the exchange rescinded is the same as if the representations were known by Aldridge to have been false.  Mitchell v. Zimmerman, 4 Texas, 75; Culberson v. Blanchard, 79 Texas, 491; Loper v. Robinson, 54 Texas, 513; McCord-Collins Com. Co. v. Levi, 21 Texas Civ. App., 109, 50 S. W., 607; Fisher v. Dippel, 102 S. W., 448; Cetti v. Dunman, 26 Texas Civ. App., 433, 64 S. W., 789; Hunt County Oil Co. v. Scott, 28 Texas Civ. App., 213, 67 S. W., 451; Beatty v. Bulger, 28 Texas Civ. App., 117, 66 S. W., 896.

*Stuart & Bell* and *Potter, Culp & Culp,* for defendants in error.— Where purchaser of land knows that the vendor has no actual knowledge of the condition and quality of the land, and that his representations with reference thereto are based solely on what others have told him, such statements can furnish no grounds for the rescission of the contract on the part of the purchaser.  Hawkins v. Wells, 17 Texas Civ. App., 360, 43 S. W., 1816; Cresap v. Manor, 63 Texas, 485; Ryan v. Bachelor, 129 S. W., 787; Buckingham v. Thompson, 125 S. W., 652; Corbett v. McGregor, 131 S. W., 422; Read v. Chambers, 45 S. W., 742; Putman v. Bromwell, 73 Texas, 465; Blythe v. Speake, 23 Texas, 429.

The appellee having assumed to pay an indebtedness due to other parties of about $6,000.00 on the land conveyed to him by the appellant, could not be relieved from the payment of such indebtedness by a judgment in favor of the plaintiff in this case.  Healdocker v. Hartman, 128 S. W., 642; Smith v. Farmers Loan & Trust Co., 21 Texas Civ. App., 170, 51 S. W., 515; Morris v. Gaines, 82 Texas, 255; Lott v. Cousins, 134 S. W., 270; Huffman v. Western Mortgage & Inv. Co., 13 Texas Civ. App., 169, 36 S. W., 306.

MR. JUSTICE PHILLIPS delivered the opinion of the court.

The plaintiff in error, Boles, being the owner of certain town lots and 200 acres of land in Cooke County, made an exchange of his property with the defendants in error, Aldridge and wife, for a tract of 640 acres owned by the latter in Reagan County, based, as he claims, upon certain material representations made by Aldridge concerning the Reagan County land which the evidence tended to show were untrue.  The suit was by Boles to cancel the trade upon the ground of the misrepresentation.  The trial court instructed a verdict against him.  The

honorable Court of Civil Appeals affirmed the judgment because, among other reasons, the evidence disclosed that in making the statements constituting the basis of the suit Aldridge informed Boles that he had not seen the Reagan County land and that his representation concerning it was based upon what others had told him.

We think the case should have gone to the jury. It is true that Aldridge related that he had never been upon the land; but according to Boles' testimony, his statements concerning it which induced the trade were not made as merely the communication of his information. They were made as affirmative representations, followed by or in conjunction with a statement that he had never been upon it. But this, according to Boles' testimony, was not all that Aldridge said. He added that while he had never been upon the land, "he knew the parties that had been upon it; that they were perfectly reliable; and he would guarantee what they had told him." This amounted to nothing less than his adoption of the statements of such parties and his assumption of full responsibility for them. It was a character of statement calculated to allay suspicion and restrain investigation, rather than excite doubt or induce inquiry; and there can be no doubt of material representations, made under such circumstances, affording sufficient ground for an action of this nature.

The positive representation as a fact of that which is untrue and concerning which a party has no knowledge, is equivalent to an assertion that he knows it to be true, and, where material, is equally actionable with a statement known to be false. And where one man makes to another a certain definite and material statement concerning property, as was the testimony here, plainly for the purpose of influencing the other's action, and expressly vouches for its truth, the circumstance that he revealed his want of actual knowledge renders it none the less his own affirmative representation. It could not be otherwise, for such a statement loses its quality as mere related information when once its reliability is positively affirmed and vouched for. It then takes on the full character of a definite representation, as it could be meant for nothing else, and comes within the rule to which we have adverted because it assumes to be truth. It is of no consequence that it is made without actual knowledge but upon information, and such disclosure is made at the time. That does not operate as a qualification in the face of the fact that the information is vouched for as in all respects reliable and full responsibility for it announced. The positive affirmation of the truthfulness of information upon which it is stated that a representation of fact is made, clearly amounts to an affirmation of the truthfulness of the representation itself. The inquiry in all such cases is not whether the party making the representation has actual knowledge, but whether the statement is made as one of fact and purports to be the truth. According to Boles' testimony, Aldridge's representations were of that character. They were definite statements of the actual condition of the land,

and bore the full semblance of truth through Aldridge's positive assertion of the reliableness of the information upon which he based them.

The rule is fully recognized that what one states to another merely as his information touching the subject of a transaction will not support an action for rescission, if such was in fact the information received though in fact it was untrue. But that rule has no application where a positive representation of fact is made as upon information and in the some connection the stated information is definitely affirmed as true.

Undoubtedly, Boles would not be entitled to recover in this action unless he closed the transaction influenced by and in reliance upon Aldridge's representations, as distinguished from a mere willingness, the representations aside, to rest the trade upon Aldridge's promise of indemnity, expressed in his written guaranty; if the land was not as he stated. But that was, a question of fact, and Boles' testimony was such as to justify the submission of the issue to the jury. In one portion of his testimony occurs the statement that he relied altogether upon what Aldridge said to him; and, in another, that he believed what Aldridge stated to be true, otherwise he would not have made the trade; and that he then entered into the agreement for the trade, at which time the written guaranty had not been given.

In the state of the record, the fact that in the exchange Aldridge assumed the payment of certain indebtedness against Boles' property presented no obstacle to a rescission at the latter's suit. There was neither pleading nor proof that the holder of the indebtedness had agreed to accept Aldridge's undertaking. So far as the record discloses, the agreement, therefore, was of no force except as between Boles' and Aldridge and was subject to cancellation in the suit. Hill v. Hoeldtke, 104 Texas, 594, 40 L. R. A. (N. S.), 672; 142 S. W., 871.

The judgments of the District Court and the Court of Civil Appeals are reversed and the cause is remanded to the District Court for further trial.

*Reversed and remanded.*