## PHILPOTT v. EDGE. (No. 1596.)

(Court of Civil Appeals of Texas. Amarillo. May 12, 1920. Rehearing Denied June 30, 1920.)

1. **Fraud ⬅9—Seller's false representations concerning oil well and confirmatory telegram held actionable.**

A false statement to the purchaser of a share of an oil company by the seller concerning the capacity of an oil well, as to which the seller stated he had received a confirmatory telegram from one in whom the purchaser had confidence, is a misstatement of a material fact, giving a cause of action.

2. **Fraud ⬅13(2)—False representation on information actionable.**

False statements made by the seller to the purchaser of a share of an oil company concerning the capacity of a well, though made on information, are actionable.

3. **Trial ⬅350(3)—Refusal of request for submission of special issue.**

In an action by a purchaser of a share of an oil company, based on the misrepresentations of the seller, it was error to refuse special issue whether purchaser had been informed that a named person sent a telegram concerning the bringing in of an oil well, and this is so, even though the jury ordinarily are required only to find as to the ultimate facts, for, while the seller may have made direct misrepresentations that an oil well had been brought in, misrepresentations concerning a message by one in whom the buyer had confidence would give rise to a cause of action.

4. **Trial ⬅350(3)—Refusal of special issue not justifiable on the ground that it did not present matter of defense.**

In action by purchaser of a share or allotment of an oil company, who claimed that the seller had falsely stated that a named person had sent a telegram that a large producing oil well had been brought in the refusal of a special issue submitting the question of that misrepresentation cannot be justified, on the ground that the issue requested did not present the question whether the telegram had in fact been sent, there being no evidence that such telegram had been sent, and that being a matter of defense, which should be called to the court's attention.

5. **Fraud ⬅59(3)—Measure of damages is difference between actual value and price paid.**

In an action by the purchaser of a share in an oil company for misrepresentations made by the seller concerning the capacity of an oil well, the measure of damages is the difference between the actual value of the property and the contract price.

Appeal from District Court, Roberts County; W. R. Ewing, Judge.

Action by J. W. Philpott against Samuel Edge. From a judgment for defendant, plaintiff appeals. Reversed.

Coffee & Holmes, of Miami, and H. G. Hendricks, of Amarillo, for appellant.

Newton P. Willis, of Canadian, for appellee.

HUFF, C. J. Philpott sued Edge in the district court, primarily in damages, alleging that Edge was the owner of about 15 shares or allotments of the Cunningham Oil & Gas Company, said company owning about 37 acres of land in Caddo parish, La., regarded as oil land; that on or about the 22d day of May, 1917, Edge, through his agent, L. B. Robertson, of Roberts county, Tex., sold to plaintiff one share in said company for the sum of $5,100, upon terms of one-half cash and the execution and delivery by plaintiff of his negotiable promissory note to Edge for the balance; that the land owned by said company was about 800 miles from Miami, Tex., and that in the negotiations with plaintiff Robertson made untrue statements

to him as to the capacity of an oil well upon said land, and relative to certain telegrams affecting the status of the well; that the representations were material, and induced the plaintiff to purchase the share. It is alleged that the oil well did not in fact exist, and that at the time of the sale thereof the same was practically of no value and was not worth over the sum of $100, and that a lot in the holdings of said Cunningham Oil & Gas Company, conveyed as a part of the transfer of the share of said stock, was not worth over the sum of $20. It is specifically alleged as follows:

"Robertson made the statement to this plaintiff that they (meaning Robertson and Edge, included therein) had a 7,200-barrel oil well, situated on said property, meaning thereby a well of the stated capacity for each day, and in confirmation thereof also stated that they had received a telegram from one R. D. Duniven, one of the shareholders in said company, that they had a 7,200-barrel oil well on said land; that during the pendency of said negotiations this plaintiff stated that he desired to visit the land on which the said oil well was situated, for the purpose of investigating the same to his own satisfaction before purchasing; that said Robertson, in reply thereto, in substance stated that his contract of agency would expire before the time of said plaintiff's return from said land, and that besides they had received another telegram (meaning said Robertson and Edge, as included therein) from one Dan Kivihelen, another shareholder in and operator at said well, confirming the telegram and correctness thereof previously sent by said R. D. Duniven and received by them; that said Duniven and said Kivihelen, relative to their position in said company, and to the acts committed by them herein alleged, were the agents of said oil company, of which said Edge was a member; that if said Duniven was not an agent of said company, or of Edge, said defendant adopted said telegram and the substance of the contents thereof in the negotiations with this plaintiff."

Plaintiff also alleged that said statements were material in the negotiations for the purchase of said share; that he had no knowledge whatever of the status or the condition of the oil well, and, believing the statement of said Robertson that there was a 7,200-barrel oil well on said land, "and the other statements of fact as made by said Robertson as alleged herein," purchased from the defendant one of the shares in said company for the price, etc.

The case was submitted on special issues by the court, only one of which was answered by the jury, as the other issues, under the instruction of the court, were unnecessary in view of the answer given. The issue submitted and the answer of the jury are as follows:

"Did L. B. Robertson, during the negotiation for the sale and purchase of the share of stock and lot in the Cunningham Oil & Gas Company, state and represent to the plaintiff, Philpott, that there was at that time a 7,200-barrel well on the Cunningham Oil & Gas Company's property in Caddo parish, La.?"

The jury answered: "No."

The appellant, Philpott, requested the following issues:

"Did L. B. Robertson state to the plaintiff, Philpott, during the pendency of negotiations for the sale of the share of stock and lot in the Cunningham Oil & Gas Company, and before the trade was finally concluded, that they had received a telegram from one Dan Kivihelen, confirming another telegram previously sent by R. D. Duniven to T. M. Cunningham, to the stockholders 'that well would run 7,200 barrels'? If you answer the preceding issue affirmatively, then answer whether or not such confirmation telegram was received. Answer yes or no."

Appellant also asked the following issue:

"If you have answered special issue No. ———, requested by the plaintiff, affirmatively, that Robertson stated to Philpott that they had a telegram from Dan Kivihelen confirming the Duniven telegram (as propounded in said issue), then answer whether or not Philpott, in the purchase of said stock and lot, relied upon said statement. Answer yes or no."

The trial court refused to submit the issues as requested, and submitted none upon the issue therein designated. The only assignment of error is to the failure of the court in refusing to submit the issues as requested.

[1-5] Ordinarily, all the jury should be required to find is the ultimate fact to be proved necessary to establish the case. In this case it is in effect alleged that the appellee and his agent represented that there was a 7,200-barrel producing well on the land, which had been brought in by the company, the stock of which was being bought and sold, and as a further inducement to the contract it was represented to the appellant that there had been a telegram from one Duniven to Cunningham that the well ran 7,200 barrels per day, and that Robertson, the agent of appellee, represented to appellant during the negotiations that they had received a telegram from Dan Kivihelen that the facts were as Duniven had stated in his wire. Under the facts shown by the record, Kivihelen was known to the appellant, and it sufficiently appears from the evidence that the appellant had confidence in him. Kivihelen himself testified he sent no such wire. The jury may have properly found that appellee and his agent made no direct representation, but only gave their information on the matter. If, however, appellant relied upon the statement that Kivihelen sent such a wire, and would not have purchased, but for such representation, we think such representation, if false, would author-

ize a recovery. A representation of that character was calculated to induce the trade. There perhaps could have been no stronger inducement to the appellant than that appellee had a wire from a party whom he knew, and in whom he had reposed confidence, and, according to appellant, this representation was made to satisfy the appellant, and to dispense with a personal examination of the well.

We believe, as to appellee's defense and contention, that the statements, etc., were upon information or mere opinions, the rule or the exception to the rule announced by the Supreme Court in Boles v. Aldrich, 107 Tex. 209, 175 S. W. 1052, and Maddox v. Clark, 107 Tex. 212, 175 S. W. 1053, will apply, and by this court in Loughlin v. Greenwood, 181 S. W. 517. It is our interpretation of the pleadings and evidence that the misrepresentation that the wire was received from Kivihelen presents a substantive issue as inducing the trade; that it is not merely evidentiary in its character to establish or prove the representations charged as having been made by appellee, personally that there was a 7,200-barrel well on the land. But it was an independent substantive fact, which, if relied upon, and induced the trade, and which was false, would give a cause of action for deceit thereon. The charge requested and refused is criticized by the appellee, because the jury were not required thereby to find whether the statement as to Kivihelen's wire was false. We find no evidence, and none has been cited, which would authorize the jury to find that such wire had in fact been sent. If there was no such evidence, then it was not necessary to submit that issue. But, if there is such evidence, yet under the pleadings and evidence the issue is presented as an affirmative ground for relief, and the court's attention was called to such issue by the request. In such case the court should have given or submitted a proper issue thereon. Brady v. McCuistion, 210 S. W. 815; Texas Refining Co. v. Alexander, 202 S. W. 133. Without discussing the appellant's counter propositions, we may say that we regard this an action for damages, based on deceit, and not for rescission and cancellation. The rule for damages in such case is established in this state by the Supreme Court in the case of George v. Hesse, 100 Tex. 44, 93 S. W. 107, 8 L. R. A. (N. S.) 804, 123 Am. St. Rep. 772, 15 Ann. Cas. 456. See, also, Luse v. Rea, 207 S. W. 942, 945(5).

Without a discussion of the evidence, we believe there is sufficient that a finding may be based thereon for the difference between the actual value of the property and the contract price. We believe it was error to refuse to submit the issues requested, and for that reason the judgment will be reversed.