### HUFFMASTER et al. v. TOLAND.*
### (No. 2705.)

(Court of Civil Appeals of Texas. Texarkana. April 11, 1923. Rehearing Denied April 26, 1923.)

**1. Fraud ⟨⟩11(1)—False representation must be one of fact.**

The general rule is that a false representation, to be actionable, must be one of fact, as distinguished from an expression of opinion.

**2. Fraud ⟨⟩11(1)—"Statement of fact" and "expression of opinion" distinguished.**

If a representation is as to a matter not equally open to both parties, it may be said to be a "statement of fact," not of opinion; but if it relates to a matter resting merely in the judgment of the person making it, and the means of deriving information on which a fair judgment can be predicated are equally open to both parties, and no artifice or fraud is practiced to prevent the making of an examination, the representation is a mere "expression of opinion."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Statement of Fact.]

**3. Attorney and client ⟨⟩147—Representation by attorney to client question was a hard one held representation of fact and not matter of opinion.**

A representation by an attorney to a prospective client that the question of securing for her her share in her husband's property in her suit for divorce presented a hard case did not relate to a matter as to which both parties had equal means of information, and therefore was an actionable representation of fact, if false, and not a mere expression of opinion.

**4. Trial ⟨⟩215—Instruction fraud must be clearly proved held unnecessary, where special issues were submitted as to statements and their truth.**

Where special issues were submitted in an action to cancel an instrument for fraud, which properly did not submit the question whether fraud had been practiced, but did submit whether defendant made the representation, whether it was true, and whether plaintiff relied thereon, it was not error to refuse a requested instruction that fraud is never presumed, but must be established by a preponderance of the evidence, since the fraud was a conclusion of the court, to be drawn from the facts found by the jury and facts the court himself found, under Vernon's Sayles' Ann. Civ. St. 1914, art. 1985, and the court was required by article 1984a, to submit only such explanations and definitions of legal terms as were necessary to enable the jury properly to pass on the issues.

**5. Trial ⟨⟩251(2) — Instruction relationship of client and attorney had not begun until contract signed held unnecessary in suit to cancel.**

In an action to cancel a contract for an attorney's fee on the ground of fraud by the attorney, where no issue as to whether the relationship of client and attorney had begun at the time the contract was made was submitted or requested, and it conclusively appeared that the relationship did not exist at that time, it was not error to refuse a requested instruction that the relationship did not begin until a contract between the client and attorney had been consummated.

**6. Trial ⟨⟩352(4)—Submission of special issue as to misrepresentation relating to part of subject-matter if contract with attorney held supported by pleadings and proof.**

Where the petition alleged that defendant, an attorney, had represented to plaintiff that it would be a hard case to obtain for her in proceedings for divorce a share of her husband's property, whereby he procured from her a contract giving him a one-fourth interest in the property obtained in addition to $50 cash fee, and defendant did not allege that the representation applied to the case as a whole, but did allege the plaintiff employed him to represent her in the recovery of her interest, and the testimony of plaintiff supported the allegations of the petition, it was not error to submit a special issue as to whether defendant represented that the recovery of the property was a hard case, instead of a representation that the entire controversy, including the divorce and the procuring of custody of the children, was a hard case.

**7. Appeal and error ⟨⟩672—Error requiring examination of entire statement of facts is not error apparent on the face of the record.**

A contention, the determination of which would require an examination of the entire

statement of facts, is not based on error apparent on the face of the record.

Error from District Court, Kaufman County; Joel R. Bond, Judge. ·

Suit by Mrs. Cassie Toland against Ross Huffmaster and another to cancel an instrument. Judgment ·for plaintiff, and defendants bring error. Affirmed.

This was a suit by defendant in error, Mrs. Cassie Toland, against plaintiffs in error, Ross Huffmaster and J. F. Mulkey, to cancel instrument in writing executed by Mrs. Toland, dated August 18, 1919, in which it was recited that Mrs. Toland had employed Huffmaster, an attorney at law, to represent her in the institution and prosecution of a suit against her husband (J. J. Toland) for a divorce, "and for the recovery of her interest in any and all property she was entitled to recover from the said J. J. Toland," and whereby (to compensate him' for the services he was to render) she agreed to pay Huffmaster $50 in cash and conveyed to him an "undivided one-fourth interest in and to any and all real property, personal property, and money" that he recovered for her.

It appeared from allegations in Mrs. Toland's petition that she and J. J. Toland had been married 30 years at the time they separated, August 15, 1919, and that during the marriage they had acquired, and when they separated owned, 180 acres of land and other property, worth altogether $20,000. Mrs. Toland alleged in said petition that at the time she executed the instrument in question she was "very poorly informed about her rights, and very poorly informed about what would be a reasonable fee to pay him" (Huffm'aster) for representing her in the suit. She alleged that Huffmaster, "knowing that she was ignorant of what would be a reasonable fee to represent her," and "that she must and would rely upon him to fix a reasonable fee with her," fraudulently represented to her "that the recovery of her property rights would be very difficult and a hard case," and that $50 in cash and a one-fourth undivided part (worth, she alleged, $2,500) of the property she owned would be a reasonable fee for representing her in the suit. She alleged she believed the representations were true, and was induced by such belief to execute the instrument in question; whereas, she charged, the representations were false in that, as she later learned, Huffmaster "would have no services to perform at all in regard to getting her undivided one-half of the property" owned by her and her husband, "except to call for it in her divorce petition and mention it to the court." She alleged that $50 or $75 would have been a reasonable fee for representing her in the suit. She then alleged that within a few days after she employed Huffmaster to represent her she ascertained that—

"She had been deceived by him, and induced by his. fraudulent representations to sign away an unconscionably large portion of her estate to pay him a fee to fight what he claimed to be a hard lawsuit to get her property, when, in fact, it was given her by the plain statutes, and could not be denied or controverted, and would have been given to her without a lawyer, and was not disputed by her husband, she returned to the office of said Huffmaster, and complained of his having induced her to make such contract, and requested ·him to rescind the contract with her, and accept the cash he had received as pay for what he had done, and to permit her to get another attorney, all of which he agreed to do, and to cease to represent her, and agreed to quit the case; but she then asked him to reconvey to her her said one-fourth of all her land and personalty, removing the cloud thereby from her title, which he refused to do."

It appeared from other parts of said petition that Mulkey was made a party to the suit because, it was alleged, Huffm'aster had fraudulently conveyed to him the one-fourth part of defendant in error's property, which he (Huffmaster) claimed to have acquired by force of said instrument.

On special issues submitted to them the jury found as follows: (1) When Mrs. Toland "was about to employ" Huffm'aster, "he represented to her and caused her to believe that the recovery of her property was a hard case." (2) The representation was not true. (3) Mrs. Toland relied "upon such representation in signing the contract." (4) Huffmaster represented to Mrs. Toland and caused her to believe "that $50 cash and one-fourth of her land and personal property would be a reasonable fee for the services which he was to render her under such employment." (5) $50 and one-fourth of said property was not a reasonable fee for such services. (6) A reasonable fee for such services would have been $300. (7) A reasonable fee for the services actually rendered by Huffmaster was $50. (8) That "at or before the time" when Huffmaster transferred his rights under the instrument in question to Mulkey 'the latter "learned such facts as would cause a man of ordinary prudence to inquire" whether Mrs. Toland was induced to execute the instrument by fraud practiced upon her or not.

The appeal is from a judgment canceling the instrument in question as prayed for by Mrs. Toland, and awarding Huffmaster a recovery against her of $12.50.

Terry & Brown, of Kaufman, for plaintiffs in error.

Stroud & Dailey, of Dallas, for defendant in error.

WILLSON, C. J. (after stating the facts as above). The sufficiency of the testimony

to support the finding of the jury that the fee agreed upon between Mrs. Toland and Huffmaster was not a reasonable one is not questioned by appellant in any of the assignments in their briefs. The main contention they present is that the representation, made by Huffmaster to Mrs. Toland, that the recovery of her property was a "hard case," though false, as found by the jury, could not be made the basis of relief to her, because, they assert, the representation was not as to a fact, but was merely the expression of an opinion entertained by Huffmaster.

[1, 2] The general rule is that a false representation, to be actionable, "must be one of fact, as distinguished from an expression of opinion." 26 C. J. 1081. As stated, the rule appears to be plain enough and easy to apply, but it is not in many cases, because of the difficulty in determining whether a given representation is "an expression of opinion" within it or not; for many such expressions are treated as representations of fact. The test to be applied in determining whether an opinion in a given case should be construed to be a representation of fact or not is stated as follows in 1 Black on Rescission and Cancellation, § 77:

"If the representation is as to a matter not equally open to both parties it may be said to be a statement of fact as such; but if it is as to a matter that rests merely in the judgment of the person making it, and the means of deriving information upon which a fair judgment can be predicated are equally open to both parties, and there is no artifice or fraud used to prevent the person to be affected thereby from making an examination and forming a judgment in reference to the matter for himself, the representation is a mere expression of opinion."

[3] When that test is applied to the case made by the testimony on behalf of Mrs. Toland, it is clear, we think, that the representation of Huffmaster that the case was a "hard" one, so far as it was to recover property she owned, was not mere opinion within the rule. Testifying as a witness, Mrs. Toland said that she and her husband separated on a Friday, and that it was on the next Monday thereafter that she arranged with Huffmaster to represent her in the divorce suit. "In the conversation with Mr. Huffmaster on Monday," she said:

"He promised to get my part of the community property of my husband and myself. He inquired if I had property and I told him what I had, what was down there, and he said he could get it for me. He said he would charge me $50 down for the divorce, and then a one-fourth of my property. I don't hardly remember all Mr. Huffmaster said about gaining my property rights; I couldn't tell it in words— that he could get it for me and that he thought it was right and easy, and that he would treat me right about it; and, not knowing anything about it, I signed the paper [the instrument

in question] for him. I did not know whether it would be difficult or easy to gain my property. I know nothing about the law. I am not a person of education and learning. I am a farmer's wife, and my occupation has been housekeeping. I did not know how much of the community estate the law allowed me. Well, Mr. Huffmaster just told me that to gain my property would be a hard case, and I told him I didn't know about law, or anything; that I would leave it to him to treat me right, thinking he would. I didn't know I had any interest in the property at all. I knew I ought to have, but I didn't know how much or anything about it. * * * My husband and I never had any dispute over my property rights. We had 6 mules, 4 cows, and 180 acres of land. We lived on the land, and had owned it 5 or 6 years. We also had household and kitchen furniture in our home, and we owned 3 hogs, about 750 bushels of oats, and some cotton and corn."

Certainly, in the light of the testimony set out, the question as to whether the case was a "hard" one, so far as it was for the recovery of Mrs. Toland's interest in the community property between her and her husband or not, was not "a matter equally open" to her and to Huffmaster. The latter was a lawyer, and knew, the jury had a right to say, that if a divorce was granted to Mrs. Toland there would little difficulty about having her part of the property awarded to her, while Mrs. Toland knew nothing at all about the matter. If the fee exacted was an unreasonable one, as the jury found it was, and if Mrs. Toland, ignorant as she was of such matters, was induced to believe it was a reasonable one, and to agree to pay it by her reliance upon the truth of the representation in question, we do not think it should be held that the representation was a mere opinion within the rule. It was an opinion based on knowledge of the law Mrs. Toland did not possess, and did not know how to acquire, otherwise than by inquiry of persons who, like Huffmaster, had such knowledge. 1 Black on Rescission and Cancellation, § 120; 12 R. C. L. 247, 248; 26 C. J. 1083, 1085, 1086; Lehman v. Schackleford, 50 Ala. 437; Hogan v. McCombs, 190 Iowa, 650, 180 N. W. 770.

[4] Plaintiff in error requested the court to instruct the jury that:

"Fraud is never presumed, but must be established by a preponderance of the evidence by the party alleging same as grounds for the avoidance of her contract,"

—and complain because the court refused the request. In making the complaint they evidently overlooked the fact, for the time being, that the case was submitted to the jury on special issues, and that whether Huffmaster had practiced fraud upon Mrs. Toland or not was not one of those issues; that he had practiced such fraud was not a finding of the jury, but a conclusion of the court based on facts they found and facts he himself found. Article

1985, Vernon's Statutes. In submitting special issues to a jury, the court is only required to "submit such explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues." Article 1984a, Vernon's Statutes; Watkins v. Hines (Tex. Civ. App.) 214 S. W. 663; Grimm v. Williams (Tex. Civ. App.) 200 S. W. 1119.

[5] What has been said applies as well to the complaint of the plaintiffs in error because of the refusal of their request that the court instruct the jury—

"that the relation of attorney and client does not begin until a contract between the client and attorney has been fully made and consummated; that in this case Mrs. Toland did not become the client of the defendant Ross Huffmaster until after the contract in evidence had been executed by her; and that if before the execution of the contract the defendant Huffmaster stated to the plaintiff that in his opinion her case was a 'hard one' or a 'difficult case' such expression shall not be considered by you as being made by an attorney to his client."

No issue as to whether the representation in question was made at a time when the relation of attorney and client existed between Huffmaster and Mrs. Toland or not was submitted to the jury. It conclusively appeared that such relationship did not exist between them at the time the representation was made, if it was made at all, and it should be assumed that the conclusion of the trial court was not based upon the existence of such a relationship. The second and third assignments, presenting the complaints stated, are without merit and are overruled.

[6] The complaint presented by the seventh assignment is that the court erred when he submitted to the jury the special issue as follows:

"When Cassie Toland was about to employ Ross Huffmaster to represent her, did he represent to her and cause her to believe that the recovery of her property was a hard case?"

The proposition under the assignment is that:

"A special issue on the question of fraud should embrace the whole of the contract, and not only one particular feature of the contract."

It is insisted in support of the contention that the suit Huffmaster was to institute and prosecute for Mrs. Toland was not only to recover property she owned, but also to secure a divorce for her from J. J. Toland and the custody of their children, and therefore that the issue should have been as to whether he represented to Mrs. Toland and caused her to believe that her case as a whole (instead of the part only of it for the recovery of the property) was a "hard" one. The contention is overruled. The allegation in Mrs. Toland's

petition was that Huffmaster represented to her, not that the case as a whole was a "hard" one, but that "the recovery of her property rights would be very difficult and a 'hard case.'" In his answer Huffmaster did not allege that the representation, if made, applied to the case as a whole, but with reference to his employment merely alleged that Mrs. Toland "employed him to represent her in the recovery of her interest in said community estate." The testimony on behalf of Mrs. Toland was that the representation was as to the recovery of the property she owned. So, it appears, the issue submitted and complained of was in conformity to both the pleading and the testimony. At the trial no objection was made to the submission of the issue in question, and no request was made for the submission of the issue in the form plaintiffs in error contend it should have been submitted.

[7] The contention based on what plaintiffs in error aver to be "error apparent on the face of the record" has not been considered. Its determination would require an examination of the entire statement of facts, in which case, it is held, the error is not one apparent of record. Stewart v. McAllister (Tex. Civ. App.) 209 S. W. 704.

The assignments not disposed of by what has been said are also believed to be without merit, and are overruled.

The judgment is affirmed.