### HUTH v. CATER et al.
### No. 11842.

Court of Civil Appeals of Texas.
San Antonio.

June 30, 1948.

On Motion for Rehearing Sept. 15, 1948.

Rehearing Denied Oct. 13, 1948.

G. C. Jackson and H. S. Groesbeck, both of Crystal City, for appellant.

B. L. Jeffrey, of Carrizo Springs, for appellees.

MURRAY, Justice.

Mrs. L. B. Huth instituted this suit against William D. Cater and his wife, Luella L. Cater, and Mrs. Mary Jenny Cater, a widow, seeking to recover damages sustained by her as the result of the fraud and deceit practiced upon her by William D. Cater, acting for himself and as agent of the other appellees herein, in a transaction in which she purchased and appellee sold to her certain real and personal property.

We here copy from appellant's brief concerning the exact nature of her cause of action:

"Appellant sued for her damages: For the cost of a new pump, the sum of twenty-three hundred and fifty ($2350.00) dollars; fifty dollars ($50.00) expense in repairing the tractor, the sum of two hundred ($200.-00) dollars spent in an effort to repair the earthen tank which had been misrepresent-

ed, and an additional one thousand ($1,000.00) dollars cost of building a new tank; the sum of fifty ($50.00) dollars for repairs on the tractor, and for the value of the pear burner twenty ($20.00) dollars and the lawn mower, ten ($10.00) dollars."

The trial court discharged the jury and rendered judgment in favor of appellant in the sum of $30 to cover repairs on the tractor, $20, value of pear burner, and $10, value of lawn mower, and thus he denied the recovery for the cost of the new pump, the sums spent in an effort to repair the earthen tank and the cost of building the new tank.

Appellant has prosecuted this appeal contending that she should have been given judgment for the items a recovery for which was denied.

The trial court made and filed what he termed "Views of the Trial Court," reading as follows:

"The following views of the trial court are ordered filed and entered in the transcript in case of appeal:

"The transaction in question was a real estate transaction, especially in view of the fact that the earthen tank and pump were shown by the undisputed testimony to be a part of the land, and the measure of damages since the passage of Article 4004 of the Statutes in 1919 was governed by that statute, which was considered in the case of Sibley v. Southland Life Insurance Company, 36 S.W.2d 145, by the Supreme Court of Texas.

"Before the passage of Article 4004, the correct rule for measure of damages was as decided by Judge Fly in the case of Linnartz v. Lawrie, Tex.Civ.App., 192 S. W. 789.

"The Court gave the plaintiff a judgment for $30.00, the amount spent to repair the tractor, and $20.00, the value of the pear burner, and $10.00, the value of the lawn mower, aggregating $60.00. These three articles were the only ones that the evidence placed any value on. Defendants' cross-action was dismissed without prejudice, and the costs of the main case and the cross-action were placed on the defendants, and the defendants have no complaint of the judgment.

"There was no allegation and there was no proof as to what the value of the real estate was as delivered to the plaintiff and what its value would have been had it been as represented. Of course, the Court did not pass upon the question as to whether or not fraudulent representations were made, but concluded that if the plaintiff's allegations were true in that respect, still she had not established a case, other than for the amount of the judgment, that is, $60.00.

"R. D. Wright
"District Judge, 49th Judicial
"District of Texas."

▌ The trial court was indubitably correct in finding that the earthen tank was a part of the land. We do not understand that appellant here questions that finding and likewise the court was correct in holding that the measure of damages for the item would be governed by the provisions of Art. 4004, Vernon's Ann.Civ. Stats.

▌ Appellant does question the correctness of the court's finding that the pump was a part of the realty. There is evidence that the pump was a part of the sprinkler system and was personal property. However, there is no proof as to the amount of damages suffered by reason of the alleged misrepresentation as to the condition of the pump. The record shows that appellant agreed to purchase an irrigated farm containing twenty-nine and three-fourths (29¾) acres of land situated in Dimmit County, Texas, together with certain personal property, for a total consideration of $15,973. There is nothing to show at what price the pump was sold. Appellant knew that she was not getting a new pump but a used one, represented as being in good condition. The only proof is that she paid $2350 for a new pump and that the old pump proved worthless after it had been used for a short time. The cost of a new pump is not the measure of damages. The representation here made was at most a warranty that the old pump was in good condition and would not give any trouble. She could not expect to recover more than the difference in market value between the pump in the condition

it was in and its market value if it had been in the condition as represented. 37 Tex.Jur. p. 561, § 253. There was no issue which could properly have been submitted to the jury.

The judgment is affirmed.

## On Motion for Rehearing.

Appellant has pointed out to us in her motion for a rehearing that there was evidence introduced as to the value of the pump in the condition it was in when delivered and its value if it had been as represented. Therefore, we were in error in stating there was no such evidence. In view of this evidence, there were issues which should have been submitted to the jury. The jury should have been called upon to determine whether the pump was personal property or a part of the realty, and if personal property what was the difference in value between its represented value and its market value at the time it was delivered. The trial court erred in not submitting these questions to the jury.

Our judgment affirming this cause heretofore entered, on June 30, 1948, will be set aside and judgment of the trial court will be reversed and the cause remanded.

Reversed and remanded.