**Walter V. HUGHES, Appellant,**

v.

**Ebby HALLIDAY, d/b/a Ebby Halliday Realtors and Lou Smith, Appellees.**

**No. 5040.**

Court of Civil Appeals of Texas, Waco.

Aug. 26, 1971.

Rehearing Denied Sept. 30, 1971.

Michael P. Massad, Jr., Dallas, for appellant.

Billings, Weaver, Pierce & Gilley, R. Kelley Pierce, Dallas, James W. Rainey, Jr., Irving, for appellees.

OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Hughes from a judgment non obstante veredicto that he take nothing in a fraud case.

Plaintiff alleged he was induced to purchase a house by defendant real estate agent's fraudulent representations that the cooling unit of the house was in proper working order; that he paid for inspection of the cooling unit which inspection report recommended replacement of the unit and most of the air ducts; that plaintiff was not permitted to see such report, but instead was told by defendant the unit had been inspected and was in fine working condition; that such was false and fraudulently made. Plaintiff sought $1145. reasonable cost to repair the air conditioning unit.

Trial was to a jury which found:

1) Defendant represented to plaintiff the air conditioning system was in proper working order.

2) Such representation was false.

3) Plaintiff believed and relied on such representation.

4) Such representation was a material inducement to plaintiff to buy the house.

5) The reasonable cost of repairing the air conditioning system was $1000.

Plaintiff moved for Judgment "upon the evidence and the jury verdict", for $400.; and defendants moved for judgment non obstante veredicto that plaintiff take nothing.

The trial court rendered judgment non obstante veredicto that plaintiff take nothing.

Plaintiff appeals on 6 points contending the trial court erred:

1) In holding plaintiff under the pleadings and proof of the case was limited to the measure of damages provided in Article 27.01 Business and Commerce Code.

2) In holding there was no evidence of reasonable and necessary cost of repairs to the air conditioning unit.

3) In granting defendant's motion for judgment non obstante veredicto.

Defendant asserts that plaintiff is bound by the measure of damages provided for in Section 27.01 Business and Commerce Code, V.A.T.S.;[1] and further that there is no evidence of reasonable and necessary cost of repairs.

Plaintiff was shown a house by defendant real estate agents. Plaintiff was concerned about the air conditioning system and asked defendant if it could be inspected. Defendant told plaintiff it could be if he paid the cost of inspection. Defendant secured Johnson Air Conditioning Service to inspect the air conditioning system. Johnson inspected same and made a report in writing to defendants that the "duct was broken and leaking air," that the "cooling unit and most of duct" should be replaced. Defendant did not show the report to plaintiff but told him the unit had been inspected and was in good working condition. Plaintiff testified he relied on defendant's representation and purchased the house. Thereafter the air conditioning unit was found to be defective. Plaintiff complained to defendant who had an air conditioning repair man inspect it, who testified the unit was not in working condition and that he would repair it for $400. Plaintiff had the air conditioning system substantially replaced for $1145.; and instituted this suit for his damages.

 Article 27.01 Business and Commerce Code (formerly Article 4004 V.A.T.S.) does not supersede the common law rule of damages and does not provide an exclusive remedy for recovery of damages in an action based on fraud in a real estate transaction. El Paso Development Co. v. Ravel, Tex.Civ.App. (NRE), 339 S.W.2d 360.

Defendant's witness Penny testified the air conditioning unit was not in working order and that he would repair it for $400. This constitutes some evidence of reasonable and necessary costs of repair to the air conditioning unit; and from a witness vouched for by defendants.

Plaintiffs' 3 contentions, supra, are sustained. The judgment is reversed and the cause remanded.

Reversed and remanded.

---

1. The difference between the value of the real estate as represented, and its actual value in the condition in which it was delivered.