**Kenneth WRIGHT ex ux., Appellants,**

v.

**Lawrence CARPENTER, Appellees.**

No. 1334.

Court of Civil Appeals of Texas, Corpus Christi.

March 29, 1979.

Rehearing Denied April 19, 1979.

John C. North, Jr., North, White & Blackmon, Corpus Christi, for appellants.

W. DeWitt Alsup, Alsup & Alsup, Corpus Christi, for appellees.

## OPINION

YOUNG, Justice.

This is an appeal from a suit alleging fraud relative to a real estate transaction. Appellees, Lawrence Carpenter and Wilma P. Carpenter, sued appellants, Kenneth Wright and Jean Wright, for fraud in connection with their purchase of appellants' home. In short, the appellees alleged that the appellants represented that their home had a roof in good condition, but that after they moved in, the roof leaked and appellees had to replace the roof. Trial was to the court without a jury and thereafter the trial court filed findings of fact and conclusions of law. The court found the Wrights liable in the amount of $867.75, which is one-fourth of the value of the new roof. We affirm.

The record fairly indicates the following events. On October 2, 1976, appellees, at that time residents of Missouri, contacted Mrs. Grant, a realtor in Corpus Christi, and asked her to show them some homes suitable for their future retirement. Mrs. Grant took the appellees to the appellants' home. Appellees expressed an interest and there in the home asked the appellants several questions concerning the age of the home and more particularly the condition of the cedar shingle roof. Mr. Wright, at trial, testified, in response to this questioning, that he told Mr. Carpenter that he had had the roof previously inspected and that the inspector told him that the roof should be good another four to five years and that he offered to give Mr. Carpenter the inspector's name. He also claimed he told Mr. Carpenter that an insurance adjuster had also inspected the roof for hail damage and that the roof was repaired in various spots with metal "step-shingles." Mr. Carpenter reported that Mr. Wright told him about an inspector and that Wright offered to give Carpenter the inspector's name, but testified that Mr. Wright then stated factually that the roof would be good for another five years and that the roof was in good shape. Mr. Carpenter also denied that Mr. Wright had said anything about an insurance adjuster, hail damage or metal "step-shingles."

The parties then went outside to observe the house, but according to undisputed testimony, several large trees covered extensive portions of the front of the roof and its condition was not visible. Appellees signed a contract to purchase the home later that same day.

A few weeks later the appellees moved into the house, had the interior walls repainted, and had the trees in the front of the house trimmed. The trimmers advised the appellees that a number of shingles were missing and that the roof was rotten toward the front of the house. Several rains followed and the new inside paint began to run in streaks from leaking water. Appellees subsequently had the roof replaced.

At trial the appellant, Mr. Wright, testified that in the three years he and his wife had lived in the house prior to the sale herein that the roof had never leaked. Also at the trial, the roofer who replaced the roof testified that the new roof would last about 20 years and that the cost of the new roof was $3471.00.

Appellants bring forward six points of error. Appellants' point 1 contends that the pleadings and evidence do not support the judgment as a matter of law. More specifically, the appellants allege that the trial court used the cost of repairs as the basis for damages rather than the damage measure provided in Tex.Bus. & Comm. Code Ann. § 27.01 (1968),[1] or in the alternative, if it did use a proper measure of damages, there was no pleading to raise an issue as to the measure of damages used.

We first note that within the text of appellants' brief they not only concede that section 27.01 does not supersede the common law measure of damages, but also concede that appellees have pled the elements necessary to prove fraud.

---

1. The measure of actual damages is the difference between the value of the real estate as represented and its actual value in the condition it was delivered at the time of the contract.

Because of some apparent inconsistencies in the law, though, we will briefly consider appellants' contentions. Appellants primarily rely on *Sibley v. Southland Life Ins. Co.,* 36 S.W.2d 145 (Tex.Comm'n App.1931, opinion adopted), for the proposition that the proper measure of damages in this case is the difference between the value of the real estate as represented and its actual value in the condition it was delivered at the time of the contract. The facts in *Sibley* are very similar to those in the case on appeal. There a purchaser sued to recover the costs required to complete some houses promised to be completed after the contract was entered into. But we note one primary distinguishing characteristic from the instant case; i. e., the *Sibley* appellate court assumed that the suit was brought exclusively under Section 27.01 (then Tex. Rev.Civ.Stat.Ann. art. 4004). With the statute as the exclusive basis for recovery, repairs (or costs of completion) were not a proper measure of damages. Accord: *Huth v. Cater,* 215 S.W.2d 270 (Tex.Civ.App.— San Antonio 1948, writ ref'd n. r. e.); *Payton v. City of Big Spring,* 157 S.W.2d 975 (Tex.Civ.App.—Eastland 1941, no writ); See 39 Tex.L.Rev. 108 (1960).

More recently, however, the courts have recognized the plaintiff's discretion to sue either under the statute, at common law or both. *El Paso Development Company v. Ravel,* 339 S.W.2d 360 (Tex.Civ.App.— El Paso 1960, writ ref'd n. r. e.); (cited with approval in *Stanfield v. O'Boyle,* 462 S.W.2d 270 (Tex.Sup.1971); see also *Woo v. Great Southwestern Acceptance Corp.,* 565 S.W.2d 290, 297–298 (Tex.Civ.App.—Waco 1978, writ ref'd n. r. e.); *Miller v. Schuman,* 556 S.W.2d 97, 99 (Tex.Civ.App.—El Paso 1977, writ ref'd n. r. e.); *Collins v. Miller,* 443 S.W.2d 298 (Tex.Civ.App.—Austin 1969, writ ref'd n. r. e.); *Maddox v. Worsham,* 415 S.W.2d 222, 226 (Tex.Civ.App.—Amarillo 1967, writ ref'd n. r. e.).

A case remarkably comparable with the instant case is *Hughes v. Halliday,* 471 S.W.2d 88 (Tex.Civ.App.—Waco 1971, no writ). In *Hughes,* a real estate agent falsely represented that the air conditioning unit in a home was in proper working condition. After buying the home the purchaser found the air conditioning system inoperable and had the system replaced. The purchaser alleged fraud and sued for the cost of the repairs only. The real estate agent alleged that section 27.01 contained the only proper measure of damages. The trial court agreed and directed a verdict for the defendant. On appeal, the reviewing court held that section 27.01 is not the exclusive measure of damages in a real estate fraud case and that the cost of reasonable and necessary repairs was an adequate measure of damages.

Under the common law measure of damages, a defrauded party is entitled to recover in tort such damages as result directly from the fraud. *Taylor v. Gray,* 547 S.W.2d 644, 656 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n. r. e.). The measure of damages is the pecuniary loss measured by the difference between the value of the thing obtained and its purchase price or the value of the thing exchanged for it; but it is also the pecuniary loss suffered otherwise as a consequence of the recipient's reliance upon the truth of the representation. *El Paso Development Company v. Ravel,* supra at 365.

Within this framework, we hold that part of the cost of replacing the roof herein was suffered as a consequence of the appellees' reliance on the appellants' representation, and that such was a proper measure of damage. As in *Hughes,* we find that the reasonable and necessary repairs are a proper measure of damages in this fraud suit to recover damages arising from this real estate transaction. See also Annot., 13 A.L.R.3d 875 (1967). We also note that appellees did, indeed, properly plead a common law action for fraud. Appellants' point 1 is overruled.

Appellants' points 2 through 6 are argued together. We will attempt to relate the arguments to the points of error. Appellants' points 4 and 5 contend there is no evidence and insufficient evidence that appellants knew their representations con-

cerning the roof were false at the time made. This contention incorrectly assumes that for a statement to constitute the basis of actionable fraud that the maker must have known it was false when made. The maker of a false representation need not, in every instance, know it is false for the statement to form the basis for actionable fraud. *Wilson v. Jones*, 45 S.W.2d 572 (Tex. Comm'n App.1932, holding approved); *Featherlax Corporation v. Chandler*, 412 S.W.2d 783 (Tex.Civ.App.—Corpus Christi 1966, writ ref'd n. r. e.). Appellants' points 4 and 5 are overruled.

Appellants, in their point 6, contend that the trial court's findings of fact[2] entitle them to judgment as a matter of law. In particular, appellants point to finding number 2 which states that Mr. Wright represented to Mr. Carpenter that he had the roof inspected and *had been advised* that the roof was good for another four or five years. Appellants argue that this finding conclusively shows that Mr. Wright was merely relaying information conveyed to himself and that the mere passing of information cannot form the basis for an action in fraud.

■■ We agree that ordinarily an action in fraud may not be based on statements that are expressly represented to be made on information. *Boles v. Aldridge*, 107 Tex. 209, 175 S.W. 1052 (1915); 25 Tex.Jur.2d, Fraud and Deceit § 39 (1961). Such statements may, however, amount to positive statements of fact if full responsibility for their truth is assumed. *Miller v. Esunas*, 401 S.W.2d 150, 156 (Tex.Civ.App.—Tyler 1966, writ ref'd n. r. e.). The testimony in this case raised a fact issue whether the appellants' representations concerning the quality of the roof were positive assertions of fact or were statements that merely transferred information. Mr. Wright testified that he made no representation concerning the veracity of the opinion made by his roof inspector, but only related what the inspector had told him. He further claimed that he never represented that the roof was in good condition. We note, however, what appears to be a contradiction. At page 17 of the statement of facts Mr. Wright stated:

"I told him [Mr. Carpenter] I had it looked at by two people and the condition of the roof was *satisfactory to me from their report, it was good for four to five years.*" (Emphasis supplied.)

Appellee, Mr. Carpenter, testified that the appellant, Mr. Wright, told him that he had had someone look at the roof, that the roof was in good shape and that the roof would last for five years. Mr. Carpenter further stated that Mr. Wright's statements concerning the roof were not like an opinion, but were stated as a "flat" fact. Neither party requested a finding of fact addressing this issue of whether Mr. Wright's statements were representations of fact or were

---

**2.** (1) That on the 2nd day of October, 1976 the Plaintiffs, Lawrence Carpenter and wife, Wilma P. Carpenter, entered into a contract of sale for the purchase of Defendants', Kenneth Wright and wife, Jean Wright, home located at 434 Carmel also known as Lot 18, Block 25, Lamar Park # 9 located in Corpus Christi, Nueces County, Texas.

(2) That prior to the execution of such contract of sale, the Defendant, Kenneth Wright, represented to the Plaintiff, Lawrence Carpenter, that he, Kenneth Wright, had the roof inspected and had been advised that the roof was good for another four (4) or five (5) years.

(3) That Plaintiff relied upon such representation that the roof was good for another four (4) or five (5) years.

(4) That such representation to the Plaintiff by the Defendant was a material representation without which the Plaintiffs would not have

entered into such contract for sale with the Defendants.

(5) That on or about the 7th day of March 1977 the Plaintiff, Lawrence Carpenter, was required by the leaking of such roof on the home to have the entire roof on the home replaced.

(6) That by reason of the required replacement of such roof due to excessive leaking the representation by the Defendant, Kenneth Wright, that the roof was good for another four (4) or five (5) years was false.

(7) That the cost of replacing the roof was in the amount of $3,471.00.

(8) That the Plaintiffs as a result of reliance on such representation that the roof would last another four (4) or five (5) years were damaged in the amount of $867.76, which represented the pro-rata cost of a five year roof based upon cost incurred by Plaintiff in replacing the entire roof.

merely relations of information. Further, finding of fact number 2 does not conclusively establish that Mr. Wright's statements were merely relations of information as opposed to asserted facts. In addition, no other fact finding answered this issue. Compare *Miller v. Esunas,* supra at 156, where the trial court submitted this type of issue to the jury. Accordingly, we must presume that the trial judge found this issue in accordance with the judgment; i. e., that appellant's statement constituted fact assertions and not merely relations of information. Rule 299, T.R.C.P., *Woodard v. Hopperstad Builders, Inc.,* 554 S.W.2d 726 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n. r. e.). We also hold there was sufficient evidence to support this implied finding.

■ Appellants further argue, within this context, that the assertion that the roof would last for five years was an opinion or future prediction and thus was not an assertion of fact and therefore could not be a basis for fraud. See e. g., *Frankfurt v. Wilson,* 353 S.W.2d 490, 496 (Tex.Civ.App.— Dallas 1961, no writ). Here again, we find a disputed fact issue that was not addressed in the trial court's findings of fact. Compare *Miller v. Latham,* 276 S.W.2d 858 (Tex. Civ.App.—Amarillo 1954, writ ref'd n. r. e.). This issue will also be deemed found in accordance with the trial court's judgment; i. e., that the representation was stated as a fact as opposed to an opinion or future prediction. Rule 299, T.R.C.P.

■ The evidence also supports this implied conclusion. Representations as to matters not equally open to parties are legally statements of fact and not opinions. *Huffmaster v. Toland,* 250 S.W. 468 (Tex. Civ.App.—Texarkana 1923, writ dism'd). The record discloses that facts concerning the condition of the roof were not equally available to the appellants and the appellees. For example, the appellants had owned the home for three years, had known of past repairs (which according to Mr. Carpenter were not told to him) and had seen the roof during the time of year when trees were not covering it. Appellees, on the other hand, lived out of state and could not have judged the weather conditions bearing upon the roof nor did they know the history of the roof, the inspector that inspected the roof, or what the roof looked like when it was not covered with leaves. Accordingly, we find under the above stated rule that the representations were statements of fact. We also find that the statement concerning the future life of the roof in question was tantamount to explaining its condition and quality and that it did not represent a future prediction but rather represented an appraisal of a present condition. Appellants' point 6 is overruled.

■ In appellants' points 2 and 3 they contend that there was no evidence and insufficient evidence that appellant, Mr. Wright, falsely and fraudulently represented to appellees that the roof was in good condition and did not need repairs. We disagree. The testimony heretofore related constitutes sufficient evidence of the fraudulent representations.

■ Within the general arguments under points 2 through 6 the appellants assert that appellees waived their right to assert a fraud action because they could have easily ascertained the condition of the roof by personal inspection. We do not agree. Where, as in this case, a party is guilty of an affirmative fraudulent misrepresentation of a fact, he should not be permitted to urge that the defrauded party could have discovered the truth had he diligently made an investigation. *Bush v. Stone,* 500 S.W.2d 885, 891 (Tex.Civ.App.— Corpus Christi 1973, writ ref'd n. r. e.); *Ellison v. Knapek,* 421 S.W.2d 474, 477 (Tex. Civ.App.—Waco 1967, writ ref'd n. r. e.); 25 Tex.Jur.2d, Fraud and Deceit § 26 (1961). Moreover, the evidence shows that the appellees could not have easily discovered the rotten roof because of the foliage hanging over it at the time of the contract. The Carpenters surely were not guilty of inexcusable inattention. Appellants' points 2 and 3 are overruled.

The judgment of the trial court is affirmed.

NYE, C. J., not participating.