J. L. WILLIAMS & CO., INC., Appellant,

v.

ROBERT E. McKEE, INC., Appellee.

No. 20508.

Court of Civil Appeals of Texas, Dallas.

Feb. 2, 1981.

Rehearing Denied March 10, 1981.

L. W. Anderson, Dallas, for appellant.

George C. Dunlap, James M. Stewart, Smith, Smith, Dunlap & Canterbury, Dallas, for appellee.

Before ROBERTSON, CARVER and STEPHENS, JJ.

ROBERTSON, Justice.

Plaintiff Robert E. McKee, Inc. brought this action for fraud after the roof of a building constructed and sold to it by defendant J. L. Williams & Co., Inc. collapsed. Plaintiff sought recovery under the theory that defendant misrepresented a material fact, that the building had been built in accordance with certain plans and specifications, in connection with the sale of the building. After the jury returned answers to special issues the trial court entered judgment for plaintiff. We reverse and render because plaintiff failed to prove the requisite element of scienter.

Among others, the court submitted the following special issue:

Do you find from a preponderance of the evidence that Defendant knew that the building in question was not constructed in accordance with the plans and specifications prepared by Defendant?

The jury's answer was "It did not know."

Defendant argues that since knowledge of the falsity of the representations is an element of plaintiff's cause of action, plaintiff failed to prove its cause of action because the jury found that it did not know the building was not constructed as represented. Plaintiff's response to this argument is that knowledge by the maker of a representation that it is false is not an essential element of fraud. We do not agree completely with the contention of either party.

■ The elements of actionable fraud are: (1) that a material representation was made; (2) that it was false; (3) that, when the speaker made it, he knew it was false *or* made it recklessly without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by the party; (5) that the party acted in reliance upon it; and (6) that he thereby suffered injury. *Stone v. Lawyers Title Insurance Corporation*, 554 S.W.2d 183 (Tex.1977); *Custom Leasing, Inc. v. Texas Bank and Trust Company of Dallas*, 516 S.W.2d 138 (Tex.1974); *Oilwell Division, United States Steel Corporation v. Fryer*, 493 S.W.2d 487 (Tex.1973).

■ It can be seen from an examination of the elements of fraud that one of two alternative mental states is required. To recover, the plaintiff must prove either that the defendant knew the representation was false *or* that the representation of a positive assertion was recklessly made without any knowledge of its truth.

■ In support of his argument, that knowledge by the maker of a representation that it is false, is not an essential element of fraud, plaintiff relies on *Fredonia Broadcasting Corp., Inc. v. RCA Corp.*, 569 F.2d 251 (5th Cir. 1978) and the Texas cases cited therein at page 258. The only Texas Supreme Court case among the group of cases relied upon by plaintiff and by the court in the *Fredonia* case is *Custom Leasing, Inc. v. Texas Bank and Trust Company of Dallas, supra.* Although there is language in the *Custom Leasing* opinion which, when taken out of context, might be read as supporting the proposition here urged by plaintiff, the opinion taken as a whole supports the proposition that either knowledge of the falsity or recklessness without any knowledge of its truth in making a positive assertion is required. If the plaintiff proves the defendant's recklessness in making a positive assertion, then he is not required to prove that the defendant knew the representation was false when he made it.

In the case before us, the plaintiff did not request nor did the trial court submit an issue inquiring whether defendant made the representation recklessly without any knowledge of its truth and as a positive assertion. As indicated above, an affirmative answer to that issue would entitle plaintiff to recover even in the light of the jury's negative finding regarding knowledge of the falsity of the representation. Plaintiff urges us to imply a finding on this issue in support of the judgment as provided for by rule 279 of the Texas Rules of Civil Procedure. We cannot supply the omitted finding, however, because the evidence does not support such a finding.

The evidence shows that defendant leased the building to a third party prior to selling it to plaintiff. Contained in the lease agreement was a warranty that the building *would be* completed according to plans and specifications. During the term of the lease, the third party informed defendant by letter that the building *had been* completed according to plans and specifications. These two documents, the lease between defendant and the third party and the letter from the third party to defendant, were shown to plaintiff before it bought the building from defendant. Plaintiff relies on defendant's action in showing it these two documents as the representation which forms the basis for its cause of action.

■ The only statement made to plaintiff that the building had been completed according to plans and specifications was made by the third party in the letter to defendant. The letter plainly shows that it is from a third party and not the statement of defendant. We cannot say that the defendant's action in furnishing the letter and the lease agreement to plaintiff was such a positive assertion so as to support an action for fraud based on recklessly representing a material fact without any knowledge of its truth. It is settled law that an action in fraud may not be based on statements that are expressly represented to be made on information. *Boles v. Aldridge*, 107 Tex. 209, 175 S.W. 1052 (1915); *Wright v. Carpenter*, 579 S.W.2d 575 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n. r. e.); *Miller v. Esunas*, 401 S.W.2d 150 (Tex.Civ.App.—

Tyler 1966, writ ref'd n. r. e.); *Foster v. L. M. S. Development Co.*, 346 S.W.2d 387 (Tex.Civ.App.—Dallas 1961, writ ref'd n. r. e.). In this case there is no evidence that defendant ever assumed full responsibility for the truth of the statements contained in the letter it received from the third party. The action of defendant in furnishing the lease agreement and the letter to plaintiff was merely a relation of information. Our supreme court stated in *Boles v. Aldridge, supra*, that "[t]he rule is fully recognized that what one states to another merely as his information touching the subject of a transaction will not support an action . . ., though in fact it was untrue."

For a party to prevail on the issue of fraud he must prove either that the speaker knew the representation was false when he made it or that the representation was made recklessly without any knowledge of its truth and as a positive assertion. Because plaintiff in this case did not prove one of these two alternative elements, it is not entitled to recover. We reverse the judgment because plaintiff failed to prove its cause of action and thus we do not reach defendant's other points of error.

Reversed and rendered.